Patricia HERRING, Plaintiff,

v.

AETNA LIFE INSURANCE COMPANY, Defendant.

Case No. 11–CV–81091.

United States District Court, S.D. Florida, West Palm Beach Division.

Feb. 14, 2012.

Paul Martin Sullivan, Jr., Paul M. Sullivan, Jr., P.A., West Palm Beach, FL, for Plaintiff.

Jerel Charles Dawson, William Joseph Gallwey, III, Shutts & Bowen, Miami, FL, for Defendant.

## *ORDER GRANTING DEFENDANT'S MOTION TO PARTIALLY DISMISS COMPLAINT*

KENNETH L. RYSKAMP, District Judge.

**THIS CAUSE** comes before the Court upon Defendant Aetna Life Insurance Company's motion to partially dismiss complaint [DE 8] filed on November 21, 2011. Plaintiff Patricia Herring filed a response in opposition [DE 10] on December 5, 2011. Defendant replied [DE 18] on December 22, 2011. This matter is ripe for adjudication.

## I. Background

Plaintiff's claims against Aetna arise under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* According to the complaint, Plaintiff is a participant in an employee welfare benefits plan insured by Aetna. Under this plan, Aetna provides long-term disability benefits to eligible participants who are deemed by Aetna to be "totally disabled" as defined by the policy (the "LTD Policy").

Plaintiff discontinued work in March 2009 due to various illnesses, and on August 31, 2009, Aetna approved Plaintiff's claim for long-term disability benefits. Plaintiff's benefits were terminated by Aetna on August 14, 2010. Plaintiff appealed, and on June 30, 2011 Aetna denied her appeal. Plaintiff alleges that she has been and continues to be "disabled," and seeks an award of "long-term disability payments from AETNA together with interest thereon and for an order declaring [Plaintiff] disabled and entitled to continued disability benefits under the terms of the LTD POLICY."

Aetna now moves to dismiss the complaint insofar as it seeks a declaration that Plaintiff is presently disabled and entitled to continued benefits. Aetna argues that Court is not authorized to make a determination of an employee's eligibility for benefits absent a decision of a plan administrator. Therefore, according to Aetna, the Court may not issue a declaration as to Plaintiff's eligibility with respect to any time after Aetna made its final decision to terminate benefits on June 30, 2011. To the contrary, Plaintiff argues that courts are indeed authorized to issue declaratory judgments on entitlement and to order retroactive reinstatement of disability benefits. According to Plaintiff, it would be patently unfair to require her to present evidence of an ongoing disability throughout the trial and the entry of judgment in order to ensure an award of disability benefits.

## II. Legal Standard

In order to state a claim for relief, Federal Rule of Civil Procedure Rule 8(a) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). However, the Court need not accept legal conclusions as true. *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Further, "a court's duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for [him]." *Peterson v. Atlanta Housing Auth.,* 998 F.2d 904, 912 (11th Cir.1993).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state claim to relief that is plausible on its face.'" *Iqbal,* 129 S.Ct. at 1949. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

### III. Analysis

Under ERISA's civil enforcement provisions, "a plan participant or beneficiary may sue to recover benefits due under the plan, to enforce the participant's rights under the plan, or to clarify rights to future benefits." *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 53, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). "Relief may take the form of accrued benefits due, a declaratory judgment on entitlement to benefits, or an injunction against a plan administrator's improper refusal to pay benefits." *Id.* However, "federal courts have a narrow role in reviewing the discretionary acts of ERISA plan administrators." *Peterson v. Cont'l Cas. Co.,* 282 F.3d 112, 117 (2d Cir.2002). "ERISA empowers federal courts to review the decisions of plan administrators, but provides no authority for a court to render a *de novo* determination of an employee's eligibility for benefits." *Id.* "Therefore, absent a determination by the plan administrator, federal courts are without jurisdiction to adjudicate whether an employee is eligible for benefits under an ERISA plan." *Id.*

Here, Aetna issued a final determination as to Plaintiff's eligibility to receive long-term disability benefits on June 30, 2011 when Aetna denied Plaintiff's appeal. The parties dispute whether an ERISA plaintiff is entitled to retroactive reinstatement of discontinued benefits and to an award back-pay disability benefits from the date of termination through the date of final judgment. This issue was decided in *Billings v. UNUM Life Ins. Co. of Am.,* 459 F.3d 1088 (11th Cir.2006), where the Eleventh Circuit affirmed the district court's entry of final judgment awarding back pay disability benefits through the date of final judgment. In reaching its decision, the court stated its agreement with the First Circuit's holding in *Cook v. Liberty Life Assurance Co.,* 320 F.3d 11 (1st Cir.2003) that an award of back pay disability benefits for the forty-two months between the time the insured's disability benefits were terminated and judgment was entered was appropriate, despite the fact that there was no evidence of the insured's disability status past the day benefits were terminated. "The court noted that 'the absence of information about the insured's disability status resulted directly from the insurer's arbitrary and capricious termination of the insured's benefits' because the insured was no longer obligated under the policy to provide evidence of a continuing disability after her benefits were terminated." *Billings,* 459 F.3d at 1096 (quoting *Cook*) (brackets omitted). The court further reasoned that "it would be patently unfair to hold that an ERISA plaintiff has a continuing responsibility to update her former insurance company and the court on her disability during the pendency of her internal appeals and

litigation, on the off chance that she might prevail in her lawsuit."[1]  *Id.* at 1096–97.

Assuming Plaintiff's allegations are true, which the Court is required to do at this stage, Plaintiff was and is disabled within the meaning of the LTD Policy, and Aetna wrongfully terminated her disability benefits.  As such, the Court is empowered to order reinstatement and award back pay benefits in order to return Plaintiff to the *status quo* prior to Aetna's wrongful termination.  *See Holmstrom v. Metro. Life Ins. Co.*, 615 F.3d 758, 778 (7th Cir.2010).  In the event the Court issues such an order, Aetna is of course free to initiate further review of Plaintiff's continuing eligibility for long-term disability benefits in the future.  *See Halpin v. W.W. Grainger, Inc.*, 962 F.2d 685, 697–98 (7th Cir.1992) (affirming judgment ordering reinstatement of plaintiff's terminated benefits).

The Court's authority to order reinstatement and award back pay benefits does not, however, authorize the Court to make an independent determination as to Plaintiff's eligibility at any time after Aetna's final decision was issued on June 30, 2011.  Again, these remedies are designed only to return an insured to the *status quo* prior to the date of termination.  There is also no question that the Court may not award payment for disability benefits beyond the date of final judgment.  Accordingly, to the extent that Plaintiff's complaint seeks future payments and/or a declaration as to whether she is currently disabled, such a request is improper, and Aetna's motion to partially dismiss is granted.

## IV.  Conclusion

The Court has carefully considered the motion, response, reply, applicable law, and pertinent portions of the record.  For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that Aetna's motion to partially dismiss complaint [**DE 8**] is **GRANTED.**  If Plaintiff wishes to amend her complaint in accordance with the principles set forth *supra,* she must do so within 14 days of this order.

---

1.  Aetna argues that the holding in *Billings* conflicts with and is therefore superseded by *Horton v. Reliance Standard Life Ins. Co.*, 141 F.3d 1038 (11th Cir.1998).  The issue before the *Horton* court was whether the common law presumption against suicide and in favor of accidental death is applicable to ERISA claims.  The *Horton* court began its analysis by stating that "[a] plaintiff suing under this provision bears the burden of proving his entitlement to contractual benefits."  141 F.3d at 1040. The *Horton* court further stated that "if the insurer claims that a specific policy exclusion applies to deny the insured benefits, the insurer generally must prove the exclusion prevents coverage."  *Id.* Nowhere in *Horton* does the court hold that an ERISA plaintiff is precluded from recovering back pay disability benefits after the date of termination, or that the plaintiff has a continuing duty to provide updates regarding her disability status throughout the course of litigation. The court was merely reiterating the well-established rule that an ERISA plaintiff bears the burden of proving her claims.  In other words, Plaintiff has the burden of proving that she was "totally disabled" at the time of termination, that Aetna's termination of disability benefits was unlawful, and that Plaintiff is therefore entitled to reinstatement and an award of back-pay disability payments under the LTD Policy.